**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Sara Gray,

Plaintiff,

v.

City of Glendale, et al.,

Defendants.

No. CV-25-03695-PHX-SMB

**ORDER**

Before the Court is Plaintiff's Second Amended Complaint ("SAC") (Doc. 12) and Application for Leave to Proceed In Forma Pauperis (Doc. 5).  After screening the SAC pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the SAC fails to state a claim on which relief may be granted.  Accordingly, the Court will **dismiss** the SAC with leave to amend.

## I.    LEGAL STANDARD

The Court must review the SAC to determine whether the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). Additionally, Federal Rule of Civil Procedure ("Rule") 8(a) requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Although Rule 8(a) does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## II.   DISCUSSION

Plaintiff fails to remedy any of the defects the Court identified in its previous Order dismissing the First Amended Complaint. (Doc. 11.) Previously, the Court found that "Plaintiff may not bring unrelated claims against unrelated parties in a single action." (Doc. 11 at 4 (citation modified).) Plaintiff does so again.

The Court recognizes the Plaintiff asserts fewer claims against fewer defendants in her SAC. The SAC narrows list of defendants to: the City of Glendale (the "City"), Plaintiff's employer; NALS Apartment Homes d/b/a Sage Stone Apartments ("Sage Stone"), Plaintiff's housing provider; and Arizona State University ("ASU"), Plaintiff's school. (Doc. 12 at 3–4.) The SAC also narrows Plaintiffs asserted claims from fourteen to nine claims. (*Id.* at 23.)

Again, Plaintiff's claims generally involve "disability discrimination." However, as was the case previously, the SAC asserts claims which involve different Defendants, facts, and issues of law. As the Court previously noted Plaintiff "may not bring unrelated claims against unrelated parties in a single action." *Todd v. Sacramento County*, No. 2:20-CV-1442 DB P, 2021 WL 4263060, at *2 (E.D. Cal. Sep. 20, 2021) (citing Fed. R.

Civ. P. 18(a), 20(a)(2)).  The Court reemphasises the language from *Todd*:

> Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or serious of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not similarity in the factual background. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.* The fact that some of plaintiff's claims are based on alleged violations of plaintiff's rights under the ADA does not necessarily make claims related for purposes of Rule 18(a). *Id.* at 1351.

*Id.* at *3.  At bottom, the Court cannot identify a common question of law or fact in Plaintiff's claims.  The Court reminds Plaintiff for the final time that "multiple claims against a single party may be alleged in a single complaint" but "unrelated claims against different defendants must be alleged in separate complaints."  *Id.* at *3.

### III.    LEAVE TO AMEND

Plaintiff will thus be given an opportunity to amend her SAC.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified).  Plaintiff's amended complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 and 15.1 of the Local Rules of Civil Procedure.  Within thirty (30) days from the date of entry of this Order, Plaintiff may submit a Second Amended Complaint.  Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or FAC by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov).  The Court also notes the E-Pro Se program which assists

litigants with creating a Complaint form, Welcome - eProSe (uscourts.gov).  Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "Self-Represented Litigants."

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's SAC (Doc. 13) is **dismissed** with leave to file a Third Amended Complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Third Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall dismiss this action without further order from the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a Third Amended Complaint, it may not be served unless and until the Court issues an Order screening the Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 11th day of March, 2026.

Honorable Susan M. Brnovich
United States District Judge